UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION § <br> OF JANA E. II, INC. AS OWNER OF THE § <br> SANTA ROSA, ITS ENGINES, TACKLE, § <br> ETC., IN A CAUSE OF EXONERATION § <br> FROM OR LIMITATION OF LIABILITY § <br> § <br> § <br> § | CIVIL ACTION NO. 2:13-CV-308 |

**MEMORANDUM AND RECOMMENDATION TO
GRANT PETITIONER'S MOTION FOR DEFAULT JUDGMENT**

This is an admiralty limitation of liability action filed pursuant to Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and Title 46, United States Code, Section 30501, *et seq.* Pending is the Petitioner's motion for default judgment against all non-appearing claimants. (D.E. 12). For the reasons stated herein, it is respectfully recommended that Petitioner's motion for default judgment be granted.

**I.     JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1333 over maritime claims. Federal courts have exclusive jurisdiction of suits brought in maritime. *Magnolia Marine Transp. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992). United States District Judge Nelva Gonzales Ramos referred this motion and other pretrial matters to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Southern District of Texas General Order 2001-13, Article II, Part B.

## II. BACKGROUND

On October 4, 2013, Petitioner filed a Petition and Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501, *et seq.* in connection with allegations that the M/V SANTA ROSA was operated negligently during a voyage that commenced on June 8, 2013 and terminated on or about June 9, 2013. (D.E. 1). The undersigned ordered notice to be issued requiring all persons claiming damages arising from the voyage of the M/V SANTA ROSA to file their respective claims with the Clerk of Court on or before 10:00 a.m. on December 31, 2013. (D.E. 8). Legal notice appeared in the *Corpus Christi Caller-Times* on November 19, 2013, November 26, 2013, December 3, 2013 and December 10, 2013. (D.E. 12-1). The period for filing claims has expired and the only claim filed was that of **Jon Helsel**. There have been no other claims filed with respect to the voyage of the M/V SANTA ROSA.

## III. DISCUSSION

Petitioner asserts that it is entitled to a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (D.E. 12). Rule 55 of the Federal Rules of Civil Procedure permits the Court to enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . ." Fed. R. Civ. P. 55. Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, mandates:

> (5) Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this

> rule ... If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Petitioners fulfilled their obligation to publish notice of the limitation proceeding once a week for four consecutive weeks in the *Corpus Christi Caller Times*, as required by Supplemental Rule F(4). The notice expressly and clearly stated the deadline for filing a claim and/or answer was December 31, 2013 and that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer. Although the deadline for filing an appropriate responsive pleading was December 31, 2013, more than an additional month has passed since the deadline. The deadline mandated by the Court for filing claims/answers has expired. All potential claimants had more than ample opportunity to otherwise seek leave of court to extend the deadline and file an appropriate responsive pleading. To date, only **Jon Helsel** has filed a claim. No other parties have contacted Petitioners, Claimant or their counsel and expressed an interest, desire or intent to file a claim and/or answer. Under the totality of these circumstances, Petitioners' Motion can and should be granted in its entirety.

### IV.   CONCLUSSION

After carefully reviewing the pleadings and relevant legal authority, the Court finds that Petitioners' Motion can be granted without a hearing. The Court also finds that the required notice has been given and the time for filing a claim and/or answer has expired. Accordingly, the Court RECOMMENDS that Petitioners' Motion be GRANTED and that

the District Court enter a default judgment against any and all claimants that have not filed a claim, answer, and/or otherwise moved for leave to intervene in this proceeding.

## V.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Plaintiff's motion for default judgment, (D.E. 12), be entered against all non-appearing claimants.

Respectfully submitted this 6th day of February, 2014.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).