IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND § | |
| PETITION OF JANA E. II, INC. § | |
| AS OWNER OF THE SANTA ROSA, § | |
| ITS ENGINES, TACKLE, § | CIVIL ACTION NO. 2:13CV308 |
| ETC. IN A CAUSE OF EXONERATION § | |
| FROM OR LIMITATION OF § | |
| LIABILITY § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION FOR
DEFAULT JUDGMENT AGAINST NON-APPEARING CLAIMANTS**

Pending before the Court is the Unopposed Motion of Petitioner Jana E II, Inc. for a Judgment by Default against all non-appearing claimants. (D.E. 12). The Magistrate Judge entered a "Memorandum and Recommendation to Grant Petitioner's Motion for Default Judgment." (D.E. 20). The parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's Memorandum and Recommendation. Fed. R. Civ. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. No objections have been filed.

When no timely objection to a Magistrate Judge's Memorandum and Recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the Magistrate Judge's Memorandum and Recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (*citing Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 20), and all other relevant

documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, it is

**ORDERED** that Petitioner Jana E II, Inc.'s Unopposed Motion for Default Judgment is **GRANTED**. (D.E. 12).

It is further **ORDERED** that Petitioner Jana E II, Inc. be granted judgment against all non-appearing claimants and that, as to these claims only, the Petitioner, Jana E II, Inc., be exonerated from any further liability. In addition, the surety, RLI Insurance Company, is released from any further obligation pursuant to its Letter of Undertaking filed in the captioned matter with respect to these non-appearing claimants only.

It is further **ORDERED** that all person or entities, other than Claimants Jon Helsel and Texas Mutual Insurance Company,[1] are forever barred and foreclosed from asserting claims against the Petitioner, Jana E II, Inc., in connection with any claims that have been or could be asserted as a result of any claimed injuries while the SANTA ROSA was in navigable waters on a voyage that commenced on or about June 8, 2013, and terminated on or about June 9, 2013.

ORDERED this 13th day of March, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1] Subsequent to the Magistrate Judge's memorandum and recommendation, Texas Mutual Insurance Company filed a Motion for Leave to File Answer and Claim. (D.E. 22). A hearing was held on February 24, 2014, at which all interested parties indicated the motion was unopposed. After considering the motion, Texas Mutual Insurance Company was permitted to file a late filed claim. (D.E. 24).